UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD COHAN,

        Plaintiff,

v.                          Case No. 8:15-cv-2114-T-33TGW

GULF GOLF DEVELOPMENT LLC,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Stay (Doc. # 16), filed on November 2, 2015. As explained below, the Court grants the Motion in part to the extent the Court will extend all case deadlines for a period of 30 days; however, the Court denies the requested stay.

**I.   Background**

On September 11, 2015, Plaintiff Howard Cohan filed an action against Defendant Gulf Golf Development LLC alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182. (Doc. # 1). In the Complaint, Cohan explains that he "acts as a 'tester' for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations." (Id. at ¶ 8).

On October 5, 2015, after being served with the Complaint, Gulf Golf filed an unopposed motion for an

extension of time to respond to the Complaint until October 26, 2015, which this Court granted. (Doc. ## 7, 8). Thereafter, the Court entered its ADA Scheduling Order, which is narrowly tailored to meet the specific needs of this case. (Doc. # 9). That Order required Cohan to file Answers to the Court's Interrogatories within 15 days, specified that Gulf Golf was required to allow Cohan and his counsel and expert (if any) to inspect Gulf Golf's premises, and established a timetable for the exchange of expert reports. (Id. at 1, 2).

Recognizing the value of early mediation in ADA cases, the Court referred the case to mediation with Peter Grilli, Esq. and directed the parties to mediate on or before January 19, 2016. (Id. at 2). The Court required Cohan to file a Notice of Mediation by October 25, 2015, setting forth the agreed date, time, and location of the mediation. (Id.). The Court set a Case Management Hearing for January 21, 2016, in the event that the mediation does not result in a settlement. (Id.). Because the Court places ADA cases on a "fast track" to trial, the Court specified that "this case will be set for trial approximately 90 days after the case management hearing." (Id. at 2-3).

Cohan missed the deadline for filing Answers to the Court's Interrogatories and also failed to timely file a Notice of Mediation. The Court accordingly issued an Order to

2

Show Cause on October 27, 2015, based on its perception that Cohan was no longer diligently prosecuting this action. (Doc. # 14).  Cohan timely responded to the Order to Show Cause by filing purported Interrogatory Answers (Doc. # 15); however, the Court notes that such Answers are unsigned and are accordingly unacceptable.  The Court awaits the filing of appropriately signed Interrogatory Answers.  At this juncture, Cohan has yet to advise the Court of the parties' agreed mediation date with Peter Grilli, Esq.

On November 2, 2015, the parties filed the present Joint Motion for Stay, in which they request that the case be stayed for a period of 30 days. (Doc. # 16).  The parties indicate that they "wish to pursue potential avenues to reach a settlement without incurring substantial litigation expense." (<u>Id.</u> at 1).

## II.  <u>Discussion</u>

"Compromises of disputed claims are favored by the courts," <u>Williams v. First Nat'l Bank</u>, 216 U.S. 582, 595 (1910), and it is "the policy of the law generally to encourage settlements." <u>Fla. Trailer and Equip. Co. v. Deal</u>, 284 F.2d 567, 571 (5th Cir. 1960). The Court encourages the compromise of disputes, and commends the parties for the progress that they have made toward reaching an accord. However, the Court must take an active role in the management

3

of its cases. <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997). The Court determines that a stay of the case would not advance this case toward its final resolution. However, in an effort to accommodate the parties, the Court will issue an Amended ADA Scheduling Order that extends all case deadlines by a period of 30 days. The Court notes that the deadlines are not subject further extension.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties' Joint Motion for Stay (Doc. # 16) is **GRANTED IN PART AND DENIED IN PART.** The Court declines to stay the case but directs the Clerk to issue an Amended ADA Scheduling Order extending the operative deadlines by a period of 30 days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of November, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

4